UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GEORGE M. CHAVIS,

                          Plaintiff,                9:06-CV-0049
                                                      (LEK/GHL)

    v.

K. CURLEE, Prison Counselor; B. CAMPBELL, Program Supervisor;
F. YOUNG, Corrections Officer; J. JACKOWSKI, Hearing Officer;
MR. ATKINSON, Program Committee Director; G. GREENE, Supt.;
MR. BEEBE, Corrections Officer; MR. McGUIRE, Corrections
Officer; MR. CARPENTER, Corrections Officer; MR. WETZEL,
Corrections Officer; D. SULLIVAN, Corrections Officer; P.
CHAPPIUS, Deputy of Security; MR. CURREN, Corrections Officer;
MR. OSBORNE, Corrections Officer; C. KOBEIN, Corrections
Officer; M. SHEHAN, Corrections Officer; P. CORCORAN, Deputy
of Programs; K. MACKAY, Corrections Officer; MR. CIESLAK,
Grievance Supervisor; D. SELSKY, SHU Disciplinary Director; MS.
NORTHROP, SHU Nurse Administrator; J. IRRIZARRY, Food
Administrator; MR. AIKEN, Corrections Officer; MR. ROBINSON,
Corrections Officer; C. WASHBURN, Senior Mailroom Clerk; MS.
LITWILER, Corrections Officer,

                          Defendants.

---

APPEARANCES:

GEORGE M. CHAVIS
Plaintiff, *Pro Se*

GEORGE H. LOWE, United States Magistrate Judge

**REPORT-RECOMMENDATION and ORDER**

**I.    Introduction**

       The Clerk has sent to the Court a civil rights complaint, together with an application to

proceed *in forma pauperis*, filed by George M. Chavis.  Plaintiff, who is incarcerated at Auburn

Correctional Facility, has not paid the filing fee for this action.[1]

In his *pro se* complaint, plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for the alleged violation of his civil and constitutional rights against twenty-six individual defendants Dkt. No. 1. According to the complaint, the defendants engaged in numerous acts of wrongdoing and misconduct on several occasions during the period July through December, 2005. For a complete statement of plaintiff's claims, reference is made to the complaint.

**II.    Discussion**

After reviewing the information that plaintiff provided in his *in forma pauperis* application (Dkt. No. 2), the Court finds that he has set forth sufficient economic need to commence this action without payment of the filing fee.

Since the Court has found that plaintiff meets the financial criteria for commencing this case *in forma pauperis*, the Court must also consider the sufficiency of the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2)    [S]hall dismiss the case at any time if the Court determines that -
>
> \*\*\*
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1]    Plaintiff has filed five other actions in the Northern District. See *Chavis v. Ryan*, 9:05-CV-0100 (FJS/DRH); *Chavis v. N.*, 9:04-CV-0158 (TJM/DEP); *Chavis v. Bennett*, 9:03-CV-0755 (DNH/DEP); *Chavis v. Keinert*, 9:03-CV-0039 (FJS/RFT); *Chavis v. Zodlow*, 9:02-CV-0637 (LEK/GJD). By Memorandum-Decision and Order filed September 30, 2005 in *Keinert*, then-Chief Judge Scullin dismissed plaintiff's claims as frivolous pursuant to 28 U.S.C. § 1915(g). *Chavis v. Keinert*, 9:03-CV-0039, 2005 WL 2452150 (N.D.N.Y. Sept. 30, 2005).

28 U.S.C. § 1915(e)(2)(B). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*. *Id*.

As noted above, plaintiff's complaint sets forth a litany of claims against twenty-six individuals.[2] The events giving rise to these claims occurred at Great Meadow Correctional Facility and Southport Correctional Facility during the period July through December, 2005. Plaintiff was transferred from Great Meadow to Southport in late August, 2005. Plaintiff's claims arising out of events at Great Meadow Correctional Facility (the "Great Meadow claims") do not appear to share a common set of facts with the claims arising from events at Southport Correctional Facility (the "Southport claims"), and are not alleged to have been the result of concerted actions by the defendants.

The proper venue for actions filed in federal court is set forth in 28 U.S.C. § 1391. In cases such as this, where jurisdiction is not founded solely on diversity of citizenship, a civil action may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). "Moreover, venue must be proper for each claim sought to be asserted by a

---

[2] Eight of the named defendants are employees or officials of Great Meadow Correctional Facility; fifteen defendants are officials or employees of Southport Correctional Facility. Donald Selsky is a Department of Correctional Services employee assigned to the central office in Albany, New York.

plaintiff." *Madison v. Alves*, 2006 WL 897816 * 3 (W.D.N.Y. Mar. 27, 2006) (citations omitted). In cases where venue is improperly asserted, the court "shall dismiss, or if it be in the interest of justice, transfer such case" to the appropriate district. 28 U.S.C. § 1406(a).

Great Meadow Correctional Facility is located in Washington County, in the Northern District of New York. Southport Correctional Facility is located in Chemung County, which is in the Western District of New York. Accordingly, while venue of the Great Meadow claims is proper in the Northern District, the same cannot be said for the Southport claims. Venue over these claims is proper in the Western District.

Because venue is not proper in this District, the Court must either dismiss or transfer the Southport claims. See 28 U.S.C. § 1406(a). Numerous courts have held that when dismissal of an action for improper venue would terminate the plaintiff's claims because a new action would be barred by the statute of limitations, "the interest of justice" requires that the case be transferred. *See Madison v. Diallo*, 2006 WL 897816 * 4 (W.D.N.Y. Mar. 27, 2006) (citing cases). The "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995).

Plaintiff's claims arose no earlier than July, 2005, and he has ample opportunity to assert these claims in a new complaint filed in the Western District of New York. Accordingly, and in order to avoid any confusion which might arise from the transfer of only a portion of the claims asserted herein, the Court declines to transfer the Southport claims to the Western District.

Therefore, it is hereby recommended that the Southport claims be dismissed for improper venue. It is further recommended that plaintiff be directed to file an amended complaint in this

action **within thirty (30) days** from the date of the filing of this Order, which sets forth only the Great Meadow claims, if he wishes to avoid the dismissal of this action.

**ACCORDINGLY**, it is

**ORDERE**D that leave to commence this action *in forma pauperis* (Dkt. No. 2) is **GRANTED**.[3]   The Clerk shall provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's inmate authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $250.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk provide a copy of plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is

**RECOMMENDED** that the Southport claims be **DISMISSED WITHOUT PREJUDICE** due to improper venue; and it is further

**RECOMMENDED** that plaintiff be directed to file an amended complaint **WITHIN THIRTY (30) DAYS** of the filing date of this Order which sets forth only the Great Meadow claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)(citing *Small v.*

---

[3]   Plaintiff should note that although his *in forma pauperis* application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

*Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: July 5 2006
       Syracuse, New York

                      George H. Lowe
                      United States Magistrate Judge